

| | |
|---|---|
| Name | Dywane Stonum, PRO SE |
| Street Address | 5432 Geary Boulevard – Unit 136 |
| City and County | San Francisco, County of San Francisco |
| State and Zip Code | California 94121 |
| Telephone Number | 707-621-8911 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Dywane C. Stonum

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-against-**

County of Kern aka Kern County,

Patricia Gable aka Trish Gable,

Tracy Selph, James McClellan, see attached

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for Employment Discrimination**

T: 1 6 CV 0 0 1 0 7 6 DAD JLT

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial:  ☒ Yes  ☐ No
*(check one)*

**I.   The Parties to This Complaint**

**A.   The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Dywane C. Stonum |
| Street Address | 5432 Geary Boulevard - Unit 136 |
| City and County | San Francisco, County of San Francisco |
| State and Zip Code | California 94121 |
| Telephone Number | 707-621-8911 |
| E-mail Address | Dywane.Stonum@yahoo.com |

**B.   The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | County of Kern aka Kern County |
| Job or Title (if known) | |
| Street Address | 1115 Truxton Avenue, 5th Floor |
| City and County | Bakersfield, County of Kern |
| State and Zip Code | California 93301 |
| Telephone Number | 661-868-3585 |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | Patricia Gable aka Trish Gable |
| Job or Title (if known) | Human Services Supervisor |
| Street Address | 2340 Highway 58 |
| City and County | Mojave, County of Kern |

State and Zip Code   California 93501

Telephone Number    661-824-7500

E-mail Address
(if known)

### Defendant No. 3

Name                  Tracy Selph

Job or Title          Assistant Program Director
(if known)

Street Address        145 East Ridgecrest Boulevard

City and County       Ridgecrest, County of Kern

State and Zip Code    California 93555

Telephone Number      760-499-5200

E-mail Address
(if known)

### Defendant No. 4

Name                  James McClellan

Job or Title          Social Service Worker III
(if known)

Street Address        2340 Highway 58

City and County       Mojave, County of Kern

State and Zip Code    California 93501

Telephone Number      661-824-7500

E-mail Address
(if known)                                  (continued) SEE ATTACHMENT

## C.   Place of Employment

The address at which I sought employment or was employed by the defendant(s) is:

Name                  Kern County Department of Human Services

Street Address        2340 Highway 58

City and County       Mojave, County of Kern

State and Zip Code    California 93501

Telephone Number      661-824-7500

3

## II.   Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

      ☒      Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

      *(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

      ☒      Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

      *(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

      ☐      Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

      *(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

      ☐      Other federal law *(specify the federal law)*:

      _____

      ☐      Relevant state law *(specify, if known)*:

      _____

      ☐      Relevant city or county law *(specify, if known)*:

      _____

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

4

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

    ☒    Failure to hire me.

    ☒    Termination of my employment.

    ☐    Failure to promote me.

    ☐    Failure to accommodate my disability.

    ☒    Unequal terms and conditions of my employment.

    ☒    Retaliation.

    ☐    Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)
On, or about, May 1, 2013 through January 31, 2014.

Also, failure to pay final pay on time and on-going associated waiting time penalties.

C.   I believe that defendant(s) *(check one)*:

    ☒    is/are still committing these acts against me.

    ☐    is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

    ☒    race __Black_____

    ☐    color_____

    ☐    gender/sex _____

    ☐    religion _____

    ☐    national origin _____

    ☒    age. My year of birth is ____1961____. *(Give your year of birth only if you are asserting a claim of age discrimination.)*

    ☐    disability or perceived disability *(specify disability)*

    _____

E.   The facts of my case are as follows. Attach additional pages if needed.

I was hired by Kern County Department of Human Services to the position of Human Services Technician I (with promotion potential to Human Services Technician II) on or about April 1, 2013 after receiving a high ranking on the county exam and appearing before an interview panel. I received induction training at Kern County's racially diverse Bakersfield, California office (but was placed at Kern's Mojave office, which by contrast was not racially diverse).

(Continued - See Attachment)

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

April 2, 2014

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☒    issued a Notice of Right to Sue letter, which I received on *(date)*

May 5, 2016

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☒    60 days or more have elapsed.

☐    less than 60 days have elapsed.

6

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1. Reinstatement to the position of Human Services Technician II.

2. New interview and interview panel for Social Services Worker I position.

3. Loss wages and benefits accruing at $164.38 per day X 934 days = $153,530.92

4. Removal of adverse reviews, ratings, and interview panel scores from my employee file.

5. Punitive and/or exemplary damages for malicious and intentional acts of discrimination and retaliation in the amount of $2,000,000.00 (two-million dollars).

6. Any other damages or other relief the Court determines appropriate.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  1 understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: July 26 , 2016.

Signature of Plaintiff _____

Printed Name of Plaintiff   Dywand C. Stonum

---
Dywane C. Stonum v. County of Kern - Attachment - Full List of Names - DEFENDANTS
---

1. County of Kern aka Kern County

2. Patricia Gable aka Trish Gable

3. Tracy Selph

4. James McClellan

5. Shannon Oastler

6. Debbie Spears

7. Debra Davis aka Debbie Davis

---
Dywane C. Stonum v. County of Kern - Attachment - The Defendants - PART B - (Continued)
---

Defendant No. 5
Name:                  Shannon Oastler
Job or Title:          Assistant Program Director
Street Address:        100 East California Avenue
City and County:       Bakersfield, County of Kern
State and Zip Code:    California 93307
Telephone Number:      661-631-6000
E-mail Address:


Defendant No. 6
Name:                  Debbie Spears
Job or Title:          Assistant Program Director
Street Address:        100 East California Avenue
City and County:       Bakersfield, County of Kern
State and Zip Code:    California 93307
Telephone Number:      661-631-6000
E-mail Address:


Defendant No. 7
Name:                  Debra Davis aka Debbie Davis
Job or Title:          Human Services Personnel Manager
Street Address:        1115 Truxtun Avenue, 1st Floor
City and County:       Bakersfield, County of Kern
State and Zip Code:    California 93301
Telephone Number:      661-868-3480
E-mail Address:

## E. The Facts of My Case (continued)

### (Dywane Stonum, Plaintiff)

Additionally, 1 have a Bachelor of Arts degree from Loyola Marymount University (where 1 was elected Student Body Vice-President), 10+ years experience as a Tax Professional, 5+ years experience as a Caretaker and Elderly Advocate and several years of volunteer community experience. 1 also served as Secretary to the Associate Chief of Appeals of the Internal Revenue Service (where I also provided administrative support to a group of Appeals Officers).

On or about May 24, 2013, I was placed at Kern County's Mojave office. In stark contrast to Kern County's Bakersfield office, Kern County's Mojave office was not racially diverse. The office consisted most exclusively of White and non-Black Human Service Technicians (aka Eligibility Workers in some counties), Social Workers, Social Service Workers, Social Service Aides and Clerical Support.

Tracy Selph, Assistant Program Director; Patricia Gable, Human Services Supervisor (my Supervisor who reported to Ms. Selph); and Melissa Callison, Human Services Technician III (my mentor who reported to Ms. Gable) were all White or non-Black. Other supervisors in Kern County's Mojave office were Mary Wright, Marion Santana and Gerald Greer - all White or non-Black.

The people in my unit, when 1 started, were all White and non-Black. 1 was the only Black Human Services Technician I/ll at the Mojave office. A Human Services Technician determines new and on-going eligibility for public assistance programs as CalFresh (Food Stamps), CalWORKs (Cash Aid) and Medi-Cal.

During my first few weeks at the Mojave office, I witnessed Obama bashing by my White mentor, Melissa Callison, and other non-Black co-workers. Shockingly, I also witnessed the belittling of Pat Cheadle during a video conference. Ms. Cheadle was Director of Kern County's Department of Human Services. Her race is Black. However, her position as Director did not shield her from malicious ridicule. She was belittled during a video conference by non-Black attendees much like the Obama bashing at Kern County's Mojave office.

Also routine was a football cheering squad atmosphere where co-workers would high-five each other. I later learned that the cheering squad involved Human Services Technicians (non-Black) who got a sickening "kick" (joy) out of shutting down individual and family public assistance cases unnecessarily.

I complained about the Obama - Cheadle bashing football cheering squad atmosphere. Supervisor Patricia Gable, chuckling, would later announce that the practice has to stop because "someone complained". "We can't do that anymore.", she giggled.

On or about May 31, 2013, I informed a racially mixed Customer, who's children loss their mother, that there was still time to prevent their case from closing and the interruption of entitled public benefits if needed documents were turned in the same day.

When Ms. Callison learned of this, she screamed and yelled at me. She wanted me to, instead, lie and make the Customer re-apply all over again. I refused to go along with her illegal and unethical demands, which also violated program regulations. Shortly thereafter, Ms. Callison, my White mentor, took extraordinary and particular interest in the case,

reviewing the history of the described Customer in great detail, and fiendishly "pouring over" (going back) as many as 11 years.

Ms. Callison then ordered me to send notices to the Customer for what she eagerly and bitterly determined were years of cumulative over-payments and over-issuances. "How is it", I asked, "that a case could be allowed to run for 11 years and no one, not even a Supervisor, would catch the error?". Ms. Callison fumed and went on a loud ranting spew defaming my work and character in front of other co-workers. She told me that's what I get for being helpful and informing the racially mixed Customer that they still had time to turn in necessary paper work and prevent case closure. Ms. Callison grinned in a conversation with me that she was (emphasis) "The System" (referring to a cliqued White trio Mojave management team consisting of Supervisor Gable, Assistant Program Director Selph, and herself - Melissa Callison, Mentor (and SEIU Local 21 Union Steward)). The trio was a longstanding and non-rotating fixture at Kern County's Mojave office for years, targeting to eliminate anyone who disagrees with their unlawful acts of discrimination, and to discourage prospective applicants.

While trying to comply with Ms. Callison's orders, whose position title was Human Services Technician III, her sudden determination that the Customer owed the county for an accumulated 11 years of over-payments and over-issuances still seemed problematic to me. I spoke with Ms. Callison again and explained my continuing concerns. After staunch resistance, Ms. Callison begrudgingly admitted that she was wrong. The racially mixed Customer did not owe anything to the County of Kern after-all.

Later, I would learn that Ms. Callison had the duty of mentoring me in Case Review

techniques. But, as of June 11, 2016 she had not done so.

On or about July 25, 2013, I received a Memo of Concern from Patricia Gable, Human Services Supervisor, threatening me with disciplinary action and termination.

Ironically, Ms. Callison was also the SEIU Local 521 Union Steward at the Mojave Office. So, I asked my dual positioned mentor and union steward, Ms. Callison, about the Memo of Concern I had received. She told me it was nothing to worry about. Time passed. I was not given a performance evaluation or conference report in August 2013.

On or about September 4, 2013, I made a complaint of racial discrimination to to Debra Davis (aka Debbie Davis), Human Services Personnel Manager (aka Human Resources Manger).

On or about October 11, 2013, I requested, in writing and procedurally, an appointment to discuss my Employee Performance Report with the Department Head, Tony Lopez. This was an option available when an employee signs, but disagrees with the content of an evaluation or similar process. I was continually denied the right to meet with Department Head Tony Lopez and was given no explanation.

Sometime earlier, I had applied for the position of Social Services Worker. I appeared before an interview panel in November 2013. The panelists consisted of Tracy Selph - Assistant Program Director, James McClellan - Social Service Supervisor, and Shannon Oastler - Assistant Program Director. I was not given the position. I believe it was in retaliation for my complaining about being subjected to racial discrimination.

In a subsequent incident, "The System" (Assistant Program Director Selph, Human

Services Supervisor Gable, Mentor and Human Services Technician III - and SEIU Local 521 Steward Callison) teamed up with James McClellan, a White Social Service Supervisor 1 (but later demoted to Social Services Worker III) to falsely accuse me of causing a rift between the Eligibility (Human Services Technician) and Social Services departments.

Mr. McClellan and Human Services Supervisor Gable objected to be called to assist a Black public assistance client (also referred to as customer) against whom a Welfare-to-Work sanction was improperly imposed (reduction or denial of benefits for non-compliance). The Eligibility portion of the case was in my inventory. However, the Welfare-to-Work sanction portion of the case was in the Social Service Worker's inventory. Therefore, a Social Service Worker must authorize the removal of the Welfare-to-Work sanction, and not the Human Services Technician (Mr. Stonum).

However, the Black female client, who recently had a newborn, was repeatedly cycled back and forth (per Supervisor Gables instructions to Mr. Stonum) from the Social Service Worker office to the Eligibility office.

So as to establish the facts, seek further intervention and not be blamed for this developing customer service debacle, Mr. Stonum asked the Black customer to write down what she was experiencing on an affidavit form so that he could place the information in her case for further resolution rather than dealing with verbal "he-said, she-said" scenarios.

The Black customer alleged that she was never told of her right to "a full exemption

for a parent of a child 0 – 23 months of age <u>one time</u> during the parent's lifetime. During this exemption, which is a year longer than is usually allowed for a baby, that parent won't have to do Welfare-to-Work activities. "

My informing a Black customer of her rights caused Ms. Gable and Mr. McClellan to become incensed and infuriated. Ms. Gable summoned me into her office. After a lengthy scolding, Ms. Gable told me in a threatening tone and demeanor that I had better be "very careful".

I asked Ms. Gable what did she mean? But, she would not elaborate. She would later admit that I was correct in identifying an improperly imposed Welfare-to-Work sanction on the Black customer. At which point I then asked her why was I being blamed for the problem and not the Social Service Worker? Ms. Gable was stumped with my question and provided no response. After silence, and Ms. Gable told me "just be very careful".

For the month on November 2013, my White Supervisor, Patricia Gable (aka Trish Gable) would subject me to a series of conferences in which she was combative and scheming.

I was also harassed by Kern County's assigned SIU officials (State Investigation Unit). In their opinion, I was not meeting the "percentage" quota for referring suspected fraud cases. I explained that if I come across any cases I suspected as fraud, I would most certainly refer them to SIU without hesitancy. The SIU officials did not seem satisfied.

During a ride-along with a SIU agent, I was told that many residents of California City (in Kern County) were "cockroaches", and that if I was planning to move to Kern County,

Page 6 of 9
Dywane Stonum, Plaintiff - Facts of Case (Continued)

I should chose to live in Tehachapi. When I questioned the SIU agent about profiling customers and drawing conclusions before a home visit was conducted, I received a hard stare. For this ride-along, the residents profiled by SIU were Blacks and Hispanics.

Belatedly, on or about December 13, 2013, I finally received a copy of my Employee Performance Report signed on October 15, 2013 by Debbie Spears, an Assistant Program Director from Kern's Bakersfield office. Ironically, it was not signed by Tracy Selph, who was the designated Assistant Program Director for Kern's Mojave office where I worked. Just prior to my appearing for the Social Service Worker interview in November 2013, Ms. Selph had been harassing me and said "Do you know who I am!?". Ms. Selph joined Mr. McClellan and Ms. Oastler on the Social Service Worker interview panel and denied me the position in retaliation for my complaining about racial discrimination.

Though it was now December 13, 2013, I was still not being allowed to meet with the Department Head, Tony Lopez, to discuss my Employee Performance Report of October 11, 2013. Instead, on or about December 30, 2013, while I waited for her late arrival to my 8:00 AM training session, Patricia Gable, Human Services Supervisor, would arrive at approximately 8:20 AM (about 20 minutes late) for my scheduled CalHEERS Training (California Healthcare Eligibility, Enrollment, and Retention System).

By this time, my work was being re-assigned to Human Service Technicians and co-workers, yet I had been promoted from Human Services Technician I to Human Services Technician II.

My co-workers were instructed by Ms. Gable to send adverse letters out to customers, under my name, which contributed to a series of complaints for which I was blamed. Rather than providing close supervision and support, Ms. Gable, Ms. Callison, Ms. Selph and others were working to sabotage my cases and force me into decline.

In once instance, I was about to meet a monthly cut-off deadline and Ms. Gable got up from her office and computer station ordering me to stop and take a walk-in customer. I asked if I could use the option that other co-workers used during cut-off which is to schedule walk-ins for an appointment so as to meet my deadline. Ms. Gable meanly and flatly said "No!". Ms. Gable maliciously and unnecessarily forced me to miss a deadline (which can generate customer complaints when benefits are not received), then wrote me up for it in a dismissal evaluation. Again, this was in retaliation for my complaining about racial discrimination. The highly charged workplace of racial discrimination and retaliation made it impossible for me to perform my duties to the fullest.

By this time, Kern's Mojave office, for the moment diverting from past practices, had hired and brought in a batch of Black Human Services Technicians and Eligibility Workers (essentially the same duties as a Human Services Technician, except they are considered Extra Help (temporary)). I believe this was an effort to "window dress" (cover up) racist practices.

On or about January 3, 2014, I was discharged by Supervisor Ms. Gable, based upon a second performance review (while still not being allowed the right to meet with Department Head Tony Lopez and discuss a previous performance review). I was not given my final pay at the time of the discharge, and the County of Kern still owes me and

has not paid waiting time penalties.

Thereafter, l filed a series of additional complaints, including a Grievance with SEIU Local 521, a Grievance with the County of Kern's Human Resources Department (headed by Ms. Debra Davis, Human Services Personnel Manager), and a complaint with the County of Kern's Equal Employment Opportunity Office (headed by Michael Goulart, Equal Employment Opportunity Officer). At each level, my complaints of racial discrimination, retaliation and age discrimination were either discouraged, minimized, rebuffed or essentially ignored.

By contrast, Donald Burke, a White, younger Human Services Technician II, in his late 20's or early 30's, had performance issues and what not discharged. Instead, he received favorable treatment, mentoring, training and support throughout his employment with the County of Kern because of his race, White.

Only later was Donald Burke, eventually terminated. But, only after I filed complaints demonstrating that he was treated more favorably because of his race, White during our employment with the County of Kern. Mr. Burke was given an earlier lunch hour, 12:00pm-1:00 pm and was seated closer to supervisors and managers. I was seated near the bathrooms. His newly assigned desk was cleaned by Mary Wright, a White Office Services Specialist, and my desk was left dirty. He was asked if he wanted to join the Union by mentor and steward Ms. Callison, but I was never asked.

Following my complaints, the County of Kern tried to cover-up its racial discrimination and retaliation practices by belatedly discharging my comparator Mr. Burke.

EEOC FORM 131 (11/09)        **U.S. Equal Employment Opportunity Commission**

| | PERSON FILING CHARGE |
|---|---|
| Kathleen Krause<br>Clerk of the Board of Supv<br>COUNTY OF KERN<br>1115 Truxton Ave, 5th Floor<br>Bakersfield, CA 93301 | **Dywane C. Stonum** |

| | |
|---|---|
| | THIS PERSON *(check one or both)* |
| | ☐ Claims To Be Aggrieved |
| | ☐ Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>**480-2014-01619** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act (Title VII)   [ ] The Equal Pay Act (EPA)   [ ] The Americans with Disabilities Act (ADA)

[X] The Age Discrimination in Employment Act (ADEA)   [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by
to
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| **John H. Sohn,**<br>**Intake Specialist** | **Los Angeles District Office**<br>**255 E. Temple St. 4th**<br>**Los Angeles, CA 90012** |
|---|---|
| *EEOC Representative* | |
| *Telephone* **(213) 894-6573** | **Fax: (213) 894-1118** |

Enclosure(s): [ ] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] Race   [ ] Color   [X] Sex   [ ] Religion   [ ] National Origin   [ ] Age   [ ] Disability   [X] Retaliation   [ ] Genetic Information   [ ] Other

ISSUES: Discharge, Hiring, Terms/Conditions

DATE(S) (on or about): EARLIEST: 12-04-2013   LATEST: 01-03-2014

LOCATION(S): Human Services, 2340 Hwy 58, Mojave CA

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| April 2, 2014 | **Rosa M. Viramontes,**<br>**Acting District Director** | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form | ☐ FEPA<br>☒ EEOC | 480-2014-01619 |

| California Department Of Fair Employment & Housing | and EEOC |
|---|---|
| _State or local Agency, if any_ | |

| Name _(indicate Mr, Ms, Mrs)_ | Home Phone _(Incl Area Code)_ | Date of Birth |
|---|---|---|
| Mr. Dywane C. Stonum | (424) 259-1280 | 02-06-1961 |

| Street Address | City, State and ZIP Code |
|---|---|
| Po Box 8762, Lancaster, CA 93539 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. _(If more than two, list under PARTICULARS below.)_

| Name | No. Employees, Members | Phone No. _(Include Area Code)_ |
|---|---|---|
| KERN COUNTY | 500 or More | (661) 868-3480 |

| Street Address | City, State and ZIP Code |
|---|---|
| Department Of Human Services,  2340 Highway 58,  Mojave, CA 93501 | |

| Name | No. Employees, Members | Phone No. _(Include Area Code)_ |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON _(Check appropriate box(es).)_

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER _(Specify)_

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 10-11-2013   Latest: 01-03-2014

☐ CONTINUING ACTION

THE PARTICULARS ARE _(If additional paper is needed, attach extra sheet(s))_:

I.  I was hired by Kern County Department of Human Services in the position of Human Services Technician I on or about April 1, 2013.  On or about September 4, 2013, I made a complaint of racial discrimination to Debbie Davis, Human Resources Manager.  On October 11, 2013, I was issued a Needed Improvement performance review by Patricia Gable, Supervisor.  After the review, I became aware that I had been promoted to Human Services Technician II by Ms. Gable and Debbie Spears, Assistant Program Director.  On or about January 3, 2014, I was discharged by Ms. Gable, based on a second performance review.  I am aware of another non-Black, younger Human Services Tech II that had performance issues and was not discharged.  On or about November 15, 2013, I applied for the position of Social Services Worker.  I was denied that position by Tracy Selph, Assistant Program Director; James McClellan, Supervisor and Shannon Last Name Unknown, Assistant Program Director.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – _When necessary for State and Local Agency Requirements_ |
|---|---|
| I declare under penalty of perjury that the above is true and correct | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Apr 17, 2014 _Date_   _Charging Party Signature_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE _(month, day, year)_ |

RECEIVED

APR 17 2014

EEOC/LADO
INTAKE

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 480-2014-01619 |

| California Department Of Fair Employment & Housing | and EEOC |
|---|---|
| State or local Agency, if any | |

II. The reason given for my poor performance evaluation and my discharge was due to my performance.  No reason was given for the other discriminatory action, including the denial of the Social Services Worker position.

III. I believe that I have been discriminated against because of my race, Black, age 52, and in retaliation for participation in violation of Title VII of the Civil Rights Act of 1964, as amended and the Age Discrimination in Employment Act of 1967, as amended.



APR 17 2014

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Apr 17, 2014**     _Charging Party Signature_<br>Date | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Dywane C. Stonum**
   **5432 Geary Blvd. #136**
   **San Francisco, CA 94121**

From: **Los Angeles District Office**
      **255 E. Temple St. 4th Floor**
      **Los Angeles, CA 90012**

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **480-2014-01619** | **Karrie L. Maeda,**<br>**State & Local Coordinator** | **(213) 894-1100** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*                                                   April 28, 2016

Enclosures(s)

**Rosa M. Viramontes,**
**District Director**

*(Date Mailed)*

cc:   **Ginny Krebs**
      **Director of Personnel**
      **COUNTY OF KERN**
      **1115 Truxton Ave, First Floor**
      **Bakersfield, CA 93301**

Enclosure with EEOC
Form 161 (11/09)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4th Floor
Los Angeles, CA 90012
National Contact Center: (800) 669-4000
National Contact Center TTY: (800) 669-6820
Los Angeles Status Line: (866) 408-8075
Los Angeles Direct Dial: (213) 894-1096
TTY (213) 894-1121
FAX (213) 894-1118

April 28, 2016

Dwayne C. Stonum
5432 Geary Boulevard, #136
San Francisco, California 94121

   RE: Stonum v. County of Kern
      EEOC Charge Number 480-2014-01619

Dear Mr. Stonum:

The purpose of this letter is to inform you that the EEOC has concluded its investigation of the above-referenced charge of employment discrimination. Under our Priority Charge Handling Procedures, we focus our limited resources on those charges in which we believe a violation of the laws enforced by EEOC can be found. After EEOC management reviewed the information that you, and respondent provided, they did not believe that additional investigation will result in our finding a violation.

The EEOC has terminated its investigation into your allegations. While you may disagree with our decision, the dismissal is final. Enclosed is your Dismissal and Notice of Right to Sue. If you want to pursue your charge, you may do so on your own by filing in Federal District Court within 90 days of receiving the enclosed Notice of Right to Sue.

We regret we cannot assist you further in this matter.

      Sincerely,

      *Karrie L. Maeda*

      Karrie L. Maeda,
      State & Local Coordinator