1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  DWAYNE C. STONUM,                           No. 1:16-cv-01076-DAD-JLT

12                  Plaintiff,

13          v.                                  ORDER GRANTING DEFENDANTS'
                                                MOTION FOR JUDGMENT ON THE
14  COUNTY OF KERN, et al.,                     PLEADINGS

15                  Defendants.                 (Doc. No. 29)

16

17          This matter came before the court on June 6, 2017, for hearing of defendants' motion to

18  dismiss pursuant to Federal Civil Procedure Rule 12(b)(6).  (Doc. No. 29.)  Plaintiff Dywane C.

19  Stonum, proceeding pro se, appeared telephonically on his own behalf.  Attorney James Brannen

20  appeared telephonically on behalf of defendants County of Kern, Patricia Gable, Tracy Selph,

21  James McClellan, Shannon Oastler, Debbie Spears, and Debra Davis.  After oral argument, the

22  motion was taken under submission.  For the reasons set forth below, the defendants' motion will

23  be granted.

24                              **FACTUAL BACKGROUND**

25          On July 26, 2016, plaintiff commenced this action against defendants, alleging

26  employment discrimination claims under the Age Discrimination in Employment Act of 1967

27  ("ADEA"), 29 U.S.C. §§ 621–634, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

28  U.S.C. § 2000(e), et seq.  (Doc. No. 1.)  On March 20, 2017, this court granted defendants'

1

motion to dismiss plaintiff's ADEA claims as well as his Title VII claims based on hostile work environment. (Doc. No. 26.) On April 4, 2017, plaintiff filed a notice of intent to proceed on the surviving Title VII claims for race discrimination and retaliation. (Doc. No. 27.)

In the complaint, plaintiff alleges the following facts. Plaintiff is a California resident who was employed with defendant Kern County in the Department of Human Services ("KDHS") between April 2013 and January 2014. (*Id.* at 6, 17.) The individual defendants were also employed by KDHS in supervisorial positions during the relevant time frame.[1]

On April 1, 2013, plaintiff was hired by KDHS to fill the position of Human Services Technician I, charged with determining new and ongoing eligibility for California public assistance programs. (*Id.* at 6.) In May 2013, plaintiff was placed at Kern County's Mojave office. (*Id.*)

During his employment at the Mojave office, plaintiff was exposed to a discriminatory work environment. (*Id.* at 11.) Specifically, plaintiff observed "Obama-bashing"; the belittling of the Director of KDHS, a black woman; and co-workers celebrating after rejecting individual and family public assistance requests. (*Id.*) Plaintiff also observed defendants Gable and Selph, together with Melissa Calliston, operating as a management team that "target[ed] to eliminate anyone who disagree[d] with their unlawful acts of discrimination, and to discourage prospective applicants [for state public assistance]." (*Id.* at 12.)

On multiple occasions, defendants disputed plaintiff's handling of public assistance cases. (*Id.* at 11–17.) In May 2013, plaintiff provided a customer with advice about how to avoid losing her public benefits, and Calliston reacted by reprimanding plaintiff and disparaging his character in front of coworkers. (*Id.* at 11–12.) Calliston ordered plaintiff to send the customer notice that she owed the county eleven years of over-payments; when plaintiff expressed concerns about this determination, Calliston admitted that the customer did not owe money to the county. (*Id.*)

---

[1] Defendant Gable is a Human Services Supervisor for the Mojave office and supervised both plaintiff and plaintiff's mentor, Melissa Calliston. (Doc. No. 1 at 10.) Defendant Selph was the Assistant Program Director for the Mojave office, and supervised defendant Gable. (*Id.* at 10.) Defendants Spears and Oastler were Assistant Program Directors from the Kern County Bakersfield office; defendant Davis was a Human Services Personnel Manager at the Mojave office; and defendant McClellan was a Social Service Supervisor at the Mojave office. (*Id.* at 9.)

At a later time, plaintiff identified an improper public assistance sanction being imposed on a customer, and instructed the customer regarding how to address the problem. (*Id.* at 14–15.) Defendants Gable and McClellan then met with plaintiff and reprimanded him, with defendant Gable telling plaintiff to be "very careful." (*Id.* at 15.)

Kern County State Investigation Unit ("SIU") officials also began to harass plaintiff. (*Id.* at 16.) The SIU officials expressed dissatisfaction with the number of suspected fraud cases plaintiff was reporting, and told him that he was falling short of the required fraud case quota. (*Id.*)

Defendant Gable began instructing coworkers to send adverse letters to customers under plaintiff's name, resulting in a series of complaints being made against plaintiff. (*Id.* at 17.) Defendant Gable also restricted plaintiff's ability to schedule walk-in appointments with customers, causing him to miss a work deadline. (*Id.*) In response to the missed deadline, defendant Gable wrote plaintiff a negative performance evaluation. (*Id.*)

Meanwhile, plaintiff's white co-worker, Donald Burke, was treated more favorably and given less scrutiny in the workplace. (*Id.* at 18.) In particular, Burke was given an earlier lunch hour, was assigned a desk that was located closer to supervisors and managers, and was asked by Calliston to join a union that plaintiff was never asked to join. (*Id.*)

On July 25, 2013, plaintiff received a Memo of Concern from defendant Gable threatening plaintiff with disciplinary action and termination. (*Id.* at 13.) Plaintiff was not provided any additional information by defendant Gable, and was not given an August 2013 performance evaluation report. (*Id.*) Plaintiff did not receive his employee performance report until December 13, 2013. (*Id.* at 16.)

On September 4, 2013, plaintiff made a complaint of racial discrimination to defendant Davis. (*Id.* at 13.) Plaintiff also submitted a written request for an appointment with KDHS Department Head Tony Lopez to discuss his employee performance report, but plaintiff's request for that appointment was denied without explanation. (*Id.*)

In November 2013, plaintiff interviewed for the position of KDHS Social Services Worker, for which he had applied earlier that year. (*Id.*) The interview panel consisted of

defendants Selph, McClellan, and Oastler.  (*Id.*)  According to plaintiff, he was denied the position in retaliation for his earlier complaint of racial discrimination.  (*Id.*)  By December 2013, plaintiff's work started to be reassigned to his coworkers.  (*Id.* at 16.)

On January 3, 2014, plaintiff was discharged by defendant Gable.  (*Id.* at 17.)  Plaintiff was not given his final pay after the discharge.  (*Id.*)

Following his discharge, plaintiff filed a grievance with SEIU Local 521 and the Kern County Human Resources Department.  (*Id.* at 18.)  On April 2, 2014, plaintiff also filed a complaint with the Equal Employment Opportunity Commission ("EEOC").  (*Id.* at 6, 18.)  Plaintiff's grievance and complaint were found to be without merit.  (*Id.* at 18.)

On April 20, 2017, defendants filed the instant motion for judgment on the pleadings.  (Doc. No. 29.)  Plaintiff filed his opposition on May 22, 2017.  (Doc. No. 31.)  On May 30, 2017, defendants filed their reply.  (Doc. No. 32.)

## LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides that: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  In reviewing a motion brought under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party."  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

The same legal standard applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) motion.  *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  Accordingly, "judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law."  *Marshall Naify Revocable Trust v. U.S.*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. County of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999)); *see also Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (stating that "judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law").  The allegations of the nonmoving party must be accepted as true, while any allegations made by the moving party that have been denied or contradicted are assumed to be

4

false.  *See MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).  The facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party.  *See Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005).

**ANALYSIS**

Defendants move for judgment on the pleadings with respect to plaintiff's Title VII discrimination and retaliation claims against all individual defendants.

Title VII of the Civil Rights Act of 1964 forbids an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race."  42 U.S.C. § 2000e-2(a)(1).  Title VII also prohibits retaliation by an employer "against an employee for making a charge or otherwise participating in a Title VII proceeding."  *Nilsson v. City of Mesa*, 503 F.3d 947, 953 (9th Cir. 2007).  However, "Title VII does not provide a cause of action against supervisors or co-workers."  *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007); *see also Holly D. v. California Inst. of Tech.*, 339 F.3d 1158, 1179 (9th Cir. 2003); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587–88 (9th Cir. 1993).

"When a county official . . . is sued in [their] official capacity, the claims against [them] are claims against the county."  *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1250 (9th Cir. 2016); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity").  "For this reason, when both an officer and the local government entity are named in a lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may be dismissed."  *Atayde v. Napa State Hosp.*, No. 1:16-cv-00398-DAD-SAB, 2016 WL 4943959, at *7 (E.D. Cal. Sept. 16, 2016) (quoting *Megargee v. Wittman*, 550 F. Supp. 2d 1190, 1206 (E.D. Cal. 2008)); *see also Ctr. For Bio-Ethical Reform, Inc. v. Los Angeles Cty. Sherriff Dep't.*, 533 F.3d 780, 799 (9th Cir. 2008); *Hofschneider v. City of Vancouver*, 182 F. Supp. 3d 1145, 1150 (W.D. Wash. 2016).

Here, defendants argue that they are entitled to judgment on the pleadings as to plaintiff's claims against individual defendants on the basis that Title VII does not support individual

liability for claims of discrimination or retaliation.  (Doc. No. 29-1 at 3.)  In opposition, plaintiff acknowledges that Title VII does not support individual liability for discrimination or retaliation claims, but argues that he intended to sue the named defendants in their official capacities.  (Doc. No. 31 at 3–4.)  Defendants argue in reply that plaintiff's complaint did not name the relevant defendants in their official capacity, and that in any event, the court should dismiss the individual defendants from this action.  (Doc. No. 32 at 1–2.)

In the original complaint, plaintiff does not clearly state whether he seeks to bring claims against the individual defendants in an official or a personal capacity.  (Doc. No. 1 at 1–8.)[2] However, to the extent plaintiff alleges personal capacity claims against these defendants, such claims are subject to dismissal because Title VII does not support individual liability.  *See Craig*, 496 F.3d at 1058; *see also Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587–88 (9th Cir. 1993); *Bradley v. Cty. of Sacramento Dep't of Human Assistance of N. Cal. Welfare Div.*, No. 2:13–cv–2420 TLN DAD PS, 2014 WL 4078945, at *3 (E.D. Cal. Aug. 14, 2014) (citing cases).  To the extent plaintiff alleges claims against the individual defendants in their official capacities, these causes of action are also subject to dismissal because they are duplicative of claims against defendant Kern County.  *See Ctr. For Bio-Ethical Reform, Inc.*, 533 F.3d at 799 ("When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant."); *see also Ogbonnaya v. City of Mesa*, No. 2:14–cv–1544–HRH, 2015 WL 241444, at *4 (D. Ariz. Jan. 20, 2015) (granting defendant's motion for judgment on the pleadings on claims against individual defendants sued in an official capacity and dismissing these causes of action, after finding them duplicative of claims against the local government entity).

Accordingly, plaintiff's Title VII claims against individual defendants will be dismissed without leave to amend.  *See, e.g.*, *Ogbonnaya*, 2015 WL 241444, at *4 (declining to grant leave to amend on redundant official capacity claims against individual defendants on the grounds that amendment would be futile).

---

[2]  Plaintiff has clearly brought his Title VII claim against the local government entity–the County of Kern.

**CONCLUSION**

For the reasons set forth above, defendants' motion for judgment on the pleadings (Doc. No. 29) is granted as to plaintiff's Title VII claims for discriminatory treatment and retaliation against all individual defendants, and these claims are hereby dismissed without leave to amend.

IT IS SO ORDERED.

Dated:  __June 15, 2017__

_____
UNITED STATES DISTRICT JUDGE