# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE STONUM, | ) Case No.: 1:16-cv-1076 - JLT |
| Plaintiffs, | ) ORDER DENYING AS MOOT PLAINTIFF'S<br>) MOTION TO COMPEL DISCOVERY |
| v. | ) |
| COUNTY OF KERN, | ) (Doc. 56) |
| Defendant. | ) |

Dwayne Stonum seeks to compel responses to his first set of requests for production of documents from the County of Kern. (Doc. 56) The County opposes the motion, asserting that after the filing of the motion, it responded to the discovery requests. (Doc. 59) For the following reasons, Plaintiff's motion is **DENIED**.

**I.      Factual and Procedural History**

Plaintiff asserts that he was discriminated against as an employee of the County on the basis of race and age, and initiated this action by filing a complaint on July 26, 2016. (*See generally* Doc. 1) The County filed a motion for judgment on the pleadings, which was granted on June 16, 2017. (Docs. 29, 37) Therefore, the individual defendants were dismissed from the action, and only Plaintiff's claims against the County remain.

On July 14, 2017, the Court held a scheduling conference with Plaintiff and the County, setting the applicable deadlines governing the action. (Doc. 43) The parties were ordered to complete non-

1

expert discovery no later than January 19, 2018; and all expert discovery no later than February 5, 2018. (*Id.* at 1) Plaintiff propounded a request for production of documents upon the County on November 4, 2017. (Doc. 50 at 2)

On December 4, 2017, the County informed the Court that it was in the process of associating in new attorneys to serve as lead counsel in the matter. (Doc. 49) In addition, the County reported it was "in the process of responding to a discovery request from Plaintiff for Production of Documents." (*Id.* at 1) The County reported that "[a]n extension of time was requested by defendant so that counsel would have time to review the documents in possession, custody or control of the counties so that a proper response can be done," but Plaintiff did not respond to the request. (*Id.*) Defendant suggested the non-expert discovery deadline "be extended by sixty (60) days in order to give associated counsel time to get up to speed and be satisfied that all written discovery has been completed." (*Id.* at 1-2)

On December 8, 2017, the Court vacated the mid-discovery status conference, but reminded the parties "of their obligation to complete all discovery within the time frames set forth in the Scheduling Order." (Doc. 54) In addition, the parties were informed: "If after review of the file counsel for the defendants feel additional time is needed for discovery, due to their recent assignment to the case, they SHALL meet and confer with plaintiff to attempt to obtain a stipulation to amend the schedule. If this fails, the defendants may file a motion to amend the case schedule." (*Id.*) The same date, the County responded to Plaintiff's discovery requests, including "objections to certain document requests," and reporting it would "produce all responsive, non-privileged documents as soon as they were available." (Doc. 59 at 2)

The parties report they had a conversation regarding the outstanding discovery requests on December 15, 2017. (Doc. 59 at 2; Doc. 61 at 2) During this conversation, Michael Lehman, counsel for the County, asserts that he "again expressed Defendants' willingness to produce the documents and that they would comply with their discovery obligation as soon as the entire case file was received." (Doc. 59 at 2) Therefore, he "suggested that Plaintiff delay the filing of the subject Motion to Compel until after he had received and reviewed the documents." (*Id.*) Plaintiff reports he did not agree "because it would have a prejudicial impact [on] his case." (Doc. 61 at 2) According to Plaintiff, with the discovery deadlines ordered by the Court, he would lose the "ability to do follow-up discovery" if

2

he granted the extension requested by the County. (*Id.*)

On January 5, 2018, Plaintiff filed the motion to compel discovery now pending before the Court. (Doc. 56) The County filed its opposition to the motion on January 29, 2018, reporting the requested discovery has been produced. (Doc. 59) Plaintiff filed a declaration in reply on February 2, 2018, in which he confirmed the receipt of a box of documents from the County. (Doc. 61 at 4, ¶ 13)

## II. Discovery

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure. In relevant part, Rule 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b). Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevancy is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

A party may request documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Similarly, a party may serve a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property . . ." Fed. R. Civ. P. 34(a)(2). A request is adequate if it describes items with "reasonable particularity;" specifies a reasonable time, place, and manner for the inspection; and specifies the form or forms in which electronic information can be produced. Fed. R. Civ. P. 34(b). Thus, a request is sufficiently clear if it "places the party upon 'reasonable notice of what is called for and what is not.'" *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 202 (N.D. W. Va. 2000) (quoting *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992)); *see also* Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure before Trial* (Rev. #1 2011) Discovery, para. 11:1886 ("the apparent test is whether a

respondent of average intelligence would know what items to produce").

The responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. Fed. R. Civ. P. 34(a). Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). Such documents include documents under the control of the party's attorney. *Meeks v. Parson*, 2009 WL 3303718 (E.D. Cal. Sept. 18, 2009) (involving a subpoena to the CDCR); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210, 212 (D. Mass. 2000) (a "party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control").

In the alternative, a party may state an objection to a request, including the reasons. Fed. R. Civ. P. 34(b)(2)(A)-(B). The party who resists discovery "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 189 F.R.D 281, 283 (C.D. Cal. 1998) (citing *Nestle Food Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990)). Boilerplate objections to a request for a production are not sufficient. *Burlington Northern & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005).

### III.     Discussion and Analysis

#### A.     Request to Compel Discovery

If a party "fails to respond that inspection will be permitted - or fails to permit inspection - as requested under Rule 34," the propounding party may make a motion to compel production of the documents. Fed. R. Civ. P. 37(a)(3)(B)(iv). Further, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). "The moving party bears the burden of demonstrating 'actual and substantial prejudice' from the denial of discovery." *Hasan v. Johnson*, 2012 U.S. Dist. LEXIS 21578 at *5 (E.D. Cal. Apr. 9, 2012) (citing *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

It is undisputed that the County served an incomplete response to Plaintiff's request for

production and did not produce any documents until after the motion to compel was filed. (Doc. 59 at 2; Doc. 61 at 4, ¶ 13) Although criticizing the lack of organization of the documents he received, Plaintiff does not assert the documents were not responsive to his requests, or that the County failed to produce documents in response to any specific request for production. Thus, it appears Plaintiff has received the discovery he sought to compel and the motion, on these grounds, is moot.

### B. Request for Expenses

In Plaintiff's motion, he requested "sanctions (to the extent the Court deems appropriate)" for the County's failure to produce the documents requested, including "requiring the aforesaid Defendant to pay Plaintiff reasonable expenses" pursuant to Rule 37(a). (Doc. 56 at 3) In the reply, Plaintiff again asserted the County "should pay for the costs associated with the subject motion to compel." (Doc. 61 at 5)

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, if a motion to compel discovery is granted— "or if the or if the disclosure or requested discovery is provided after the motion was filed— the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P 37(a)(5)(A). Plaintiff fails to identify any specific expenses regarding the filing of this motion. As a pro se litigant, he is not entitled to recover the time expended as "attorneys' fees" related to this motion. *See Elwood v. Drescher,* 456 F.3d 943, 946 (9th Cir. 2006) (pro-se litigants cannot recover attorneys' fees). Accordingly, Plaintiff's request for expenses is **DENIED**.

### C. Request to Continue Discovery Deadlines

Plaintiff requests that the discovery deadlines be continued "on a prorated basis from the time that the Defendant should have produced requested documents, and the remaining tine that Plaintiff would have had to complete discovery." (Doc. 61 at 5) However, the improper method to make a request to amend the Court's Scheduling Order. Rather, such a request must be made by written motion pursuant to Rule 16 of the Federal Rules of Civil Procedure. *See Jackson v. Laureate, Inc.,* 186 F.R.D. 605, 607 (E.D. Cal. 1999) (explaining a party seeking modification of a scheduling order must demonstrate (1) diligence in assisting the Court in creating a schedule, (2) that noncompliance with a

deadline occurred or would occur, notwithstanding efforts to comply, because of matters that could not have been reasonably anticipated at the time of the scheduling conference, and (3) diligence in seeking amendment of the order, once it become apparent that the deadlines could not be met). Accordingly, Plaintiff's request for modification of the discovery deadlines is procedurally improper and is DENIED.

## IV. Conclusion and Order

Based upon the foregoing, the Court **ORDERS:**

1. Plaintiff's motion to compel discovery is denied as **MOOT**;
2. Plaintiff's request for expenses is **DENIED**; and
3. Plaintiff's request for modification of the discovery deadlines is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: **February 12, 2018**   /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE