UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYWANE C. STONUM,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF KERN,<br><br>    Defendant. | No. 1:16-cv-01076-DAD-JLT<br><br>TENTATIVE PRETRIAL ORDER |

On July 30, 2018, the court conducted a final pretrial conference in this action. Plaintiff Dywane C. Stonum appeared telephonically on his own behalf, and Michael E. Lehman appeared as counsel for defendant County of Kern. Having considered the parties' joint pretrial statement and the views of the parties expressed at the conference, the court issues this tentative pretrial order.

Plaintiff has brought this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e), *et seq.*, alleging claims of race discrimination and retaliation during his employment with the Kern County Department of Human Services between April 2013 and January 2014. Defendant disputes that plaintiff's termination was based upon racial discrimination, retaliation, or anything other than plaintiff's performance.

I.     JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. §§ 1331 and 1343. Jurisdiction is not contested.

1

Venue is proper pursuant to 28 U.S.C. § 1391(b).  Venue is not contested.

II. <u>JURY</u>

Plaintiff previously notified the court that he wished to waive his right to a jury trial, and in a scheduling order issued July 14, 2017, the court accepted plaintiff's jury waiver. (Doc. No. 43 at 2 n.1.)  Defendant did not demand a jury trial. (*See* Doc. No. 28.)  Therefore, the trial will be conducted as a bench trial.

III. <u>UNDISPUTED FACTS</u>

1. Plaintiff was employed by the County of Kern in the Department of Human Services between April 2013 and January 2014.

2. Plaintiff's race is Black or African American.

3. Plaintiff was not hired by Kern County as a Social Service Worker.

4. Plaintiff is no longer employed by Kern County.

5. All named individual defendants (previously dismissed from this suit) were employees of the County of Kern during the time periods in which plaintiff was employed in the Kern County Department of Human Services.

6. Tracy Selph is the Assistant Program Director for the Kern County Department of Human Services.

IV. <u>DISPUTED FACTUAL ISSUES</u>

1. Whether plaintiff's termination was motivated by racial discrimination.

2. Whether plaintiff's termination was motivated by retaliation.

V. <u>DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE</u>

The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial.  Any motions *in limine* the parties elect to file shall be filed no later than **21 days before trial**.  Opposition shall be filed no later than **14 days before trial** and any replies shall be filed no later than **10 days before trial**.  Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any *motions in limine* prior to the first day of trial.

VI. SPECIAL FACTUAL INFORMATION

Special factual information as required under Local Rule 281(b)(6) is not applicable to this action.

VII. RELIEF SOUGHT

1. Plaintiff seeks reinstatement to the position of Human Services Technician.

2. Plaintiff seeks a new interview and interview panel for Social Services Worker I position.

3. Plaintiff seeks lost wages and benefits accruing at about $164.38 per day x 1,162 days = $273,199.56 (as of July 23, 2018, before estimated offset adjustments of about $54,345.06).

4. Plaintiff seeks removal of adverse reviews, ratings, and interview panel scores from his employee file.

5. Plaintiff seeks punitive and/or exemplary damages for malicious and intentional acts of discrimination and retaliation in the amount of $2,000,000.

6. Plaintiff seeks any other damages or relief the court deems appropriate.

VIII. POINTS OF LAW

The claims and defenses arise under federal law. All of plaintiff's claims are brought against the defendant, County of Kern.

1. The elements of, standards for, and burden of proof in a claim for race discrimination under Title VII.

2. The elements of, standards for, and burden of proof in a claim for retaliation under Title VII.

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

/////

IX.     ABANDONED ISSUES

None.

X.      WITNESSES

Plaintiff's witnesses shall be those listed in **Attachment A**. Defendant's witnesses shall be those listed in **Attachment B**. Each party may call any witnesses designated by the other.

    A.  **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

        (1)  The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

        (2)  The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

    B.  Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

        (1)  The witness could not reasonably have been discovered prior to the discovery cutoff;

        (2)  The court and opposing parties were promptly notified upon discovery of the witness;

        (3)  If time permitted, the party proffered the witness for deposition; and

        (4)  If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

XI.     EXHIBITS, SCHEDULES, AND SUMMARIES

Plaintiff's proposed exhibits are listed in **Attachment C**. Defendant's proposed exhibits are listed in **Attachment D**. However, as the court explained at the final pretrial conference, the parties' exhibits must be described with sufficient specificity (e.g. including dates and/or Bates stamped discovery numbers) so as to leave no doubt among the parties and the court about the

nature of the exhibit being offered into evidence.  The parties are directed to submit amended exhibit lists within **14 days of the date of this order**.

No exhibit shall be marked with or entered into evidence under multiple exhibit numbers, and the parties are hereby directed to meet and confer for the purpose of designating any joint exhibits.  All exhibits must be pre-marked as discussed below.  At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.  Plaintiff's exhibits shall be listed numerically and defendants' exhibits shall be listed alphabetically.  All exhibits must be pre-marked.  The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.  The parties must exchange exhibits no later than **28 days before trial**.  Any objections to exhibits are due no later than **14 days before trial**.  The final exhibits are due **September 13, 2018.**  In making any objection, the party is to set forth the grounds for the objection.  As to each exhibit which is not objected to, it shall be marked and received into evidence and will require no further foundation.

    A.    **The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria:**

        (1)    The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

        (2)    The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

    B.    Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial.  The exhibits will not be received unless the proffering party demonstrates:

        (1)    The exhibits could not reasonably have been discovered earlier;

        (2)    The court and the opposing parties were promptly informed of their existence; and

|  |  | (3) | The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties. |

XII. DISCOVERY DOCUMENTS

Plaintiff and defendant may use the following discovery documents at trial:

1. Set one, plaintiff's request for production of documents and defendant's responses to plaintiff's request for production of documents, set one.

2. Plaintiff's motion to compel production of documents and defendant's responses to plaintiff's motion to compel production of documents (in re: plaintiff's request for production of documents, set one).

3. Set one, special interrogatories to plaintiff and plaintiff's responses to special interrogatories, set one.

XIII. FURTHER DISCOVERY OR MOTIONS

None.

XIV. STIPULATIONS

None.

XV. AMENDMENTS/DISMISSALS

None.

XVI. SETTLEMENT

On June 22, 2018, the parties participated in a settlement conference with Magistrate Judge Jennifer L. Thurston presiding. The case did not settle at that time and the parties have been unable to reach a resolution of this matter. No further settlement conference will be scheduled or required by the court absent a joint request for such conference by the parties.

XVII. JOINT STATEMENT OF THE CASE

The parties concur that an agreed statement of the facts is neither feasible nor advisable.

/////

/////

XVIII. SEPARATE TRIAL OF ISSUES

None.

XIX. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Plaintiff welcomes the court's appointment of an impartial expert witness to testify to the nature and quantity of plaintiff's damages. Defendant believes appointment by the court of impartial expert witnesses is not advisable, and that there should be no limitation of the number of properly disclosed expert witnesses.

The court declines to appoint an impartial expert witness pursuant to Federal Rule of Civil Procedure 706. No motion for a court-appointed expert witness is currently pending before the court. Moreover, the court notes that the purpose of Rule 706 is to assist the court or the factfinder in analyzing complex issues, and not to assist parties in proving their cases. The court finds that none of the issues here are so complex as to warrant appointment by the court of an impartial expert witness.

XX. ATTORNEYS' FEES

Plaintiff, proceeding *pro se*, is not an attorney licensed to practice in any jurisdiction. Should plaintiff later obtain an attorney, or one is appointed by the court, plaintiff would seek reimbursement of legal and associated fees.

XXI. TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

No protective order is necessary.

XXII. MISCELLANEOUS

None.

XXIII. ESTIMATED TIME OF TRIAL/TRIAL DATE

A court trial is scheduled for **September 18, 2018**, at 8:30 a.m. in Courtroom 5 before the Honorable Dale A. Drozd. Trial is anticipated to last 3–5 days. The parties are directed to Judge Drozd's standard procedures available on his webpage on the court's website.

The parties are to call Judge Drozd's courtroom deputy, at (559) 499-5652, one week prior to trial to ascertain the status of the trial date.

/////

XXIV. <u>TRIAL BRIEFS</u>

As noted above, trial briefs are due **7 days before trial**.

XXV. <u>OBJECTIONS TO PRETRIAL ORDER</u>

Each party is granted **14 days from the date of this order** to file objections to the same. Each party is also granted **7 days thereafter** to respond to the other party's objections. If no objections are filed, the order will become final without further order of this court.

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

Dated: __**August 1, 2018**__          _/s/ Dale A. Drozd_
                                        UNITED STATES DISTRICT JUDGE

**ATTACHMENT A: Plaintiff's Witnesses**

Adam Dupree
2829 20th Street West
Rosamond, CA 93560

Alecia Lashon Jackson
8401 Dogwood Ave.
California City, CA 93505

Cordelia Neal
8561 Catalpa Ave.
California City, CA 93505

Craig L. Robbins
785 Tucker Rd., APT G119
Tehachapi, CA 93561

Debbie Spears
8907 Penticton Ct.
Bakersfield, CA 93312

Debra L. Davis (aka Debbie)
4600 Brewer Ave.
Bakersfield, CA 93306

Dena Marie Murphy
3401 Claremont Dr.
Bakersfield, CA 93306

Donald Burke
21047 Santa Barbara Dr., Apt D
Tehachapi, CA 93561

Donna M. Foster
45135 Parkview Ln.
Lancaster, CA 93535

Dywane Stonum
4725 Panama Lane D3-246
Bakersfield, CA 93313

James A. McClellan
41721 Zinfandel Dr.
Palmdale, CA 93551

James Neal, III
8561 Catalpa Ave.
California City, CA 93505

Jayna R. Clark
16193 H St., APT 109
Mojave, CA 93501

Judith Anne Brown
2300 State Highway 58
Mojave, CA 93501

Karissa Anne Tonoli
21047 Santa Barbara Dr., Apt D
Tehachapi, CA 93561

Kimberly Rae Millovitsch
21312 Woodford Tehachapi Rd.
Tehachapi, CA 93561

Lorraine D. Kember
20394 Airway Blvd.
California City, CA 93505

Maria Gutierrez
1410 N Oakdale Ave.
Rialto, CA 92376

Marion Santana
217 West E St.
Tehachapi, CA 93561

Melissa Callison
156 55th W St.
Rosamond, CA 93560

Michael Goulart
12306 Marshfield Way
Bakersfield, CA 93312

Patricia Ann Gable
21119 Kenniston St.
California City, CA 93505

Ramona Faucette
2500 Dore Dr.
Bakersfield, CA 93304

| | |
|---|---|
| 1 | Robert Gibson |
| 2 | 1001 17th Street |
|   | Bakersfield, CA 93301 |
| 3 | |
| 4 | Sean Robert Borden |
|   | 5325 Cangas Dr. |
| 5 | Agoura, CA 91301 |
| 6 | Shannon Lee Oastler |
|   | 3906 Amherst Forest Rd. |
| 7 | Bakersfield, CA 93313 |
| 8 | Sonya Hannon |
|   | 15601 O St. |
| 9 | Mojave, CA 93501 |
| 10 | |
| 11 | Tameika Marie Cannon |
|    | 2600 Brookside Dr., Apt 31 |
|    | Bakersfield, CA 93311 |
| 12 | |
| 13 | Tony Lopez |
|    | County of Kern |
| 14 | 1115 Truxtun Ave, First Floor |
|    | Bakersfield, CA 93301 |
| 15 | |
| 16 | Tracy Henry |
|    | (Unknown at this time) |
| 17 | Kern County Area |
| 18 | Tracy Lynn Selph |
|    | 803 James St. |
| 19 | Ridgecrest, CA 93555 |

**ATTACHMENT B: Defendant's Witnesses**

|    | WITNESS |
|----|---------|
| 1. | Patricia Gable |
| 2. | Tracy Selph |
| 3. | James McClellan |
| 4. | Shannon Oastler |
| 5. | Debbie Spears |
| 6. | Debra Davis |
| 7. | Mellissa Callison |
| 8. | Michael Goulart |

# ATTACHMENT C: Plaintiff's Exhibits

| Document Type | Description |
| --- | --- |
| Plaintiff's Initial Disclosures | Initial Disclosures, Dated July 30, 2017 with Proof of Service |
| Plaintiff's Initial Disclosures | Defendants Answer To Plaintiff's Complaint Of Title VII Retaliation And Discrimination (Disparate Treatment), Document 28, Dated April 14, 2017 |
| Plaintiff's Initial Disclosures | Order Granting In Part And Denying In Part Defendants' Motion to Dismiss (Doc. No. 15), Document 26, Dated March 20, 2017 |
| Plaintiff's Initial Disclosures | Order Granting Defendants' Motion for Judgment On The Pleadings (Doc No. 29), Doc 37, Dated June 15, 2017 |
| Plaintiff's Initial Disclosures | Complaint for Employment Discrimination, Case No. 1:16 CV001076 DAD JLT, Jury Trial, Document 1, Filed 7/26/16 |
| Plaintiff's Initial Disclosures | Dywane Stonum – County of Kern Notes – Beginning Jun 8, 2013 and Ending Jan 10, 2014. FILE NOTE Ending Jan 25, 2014. |
| Plaintiff's Initial Disclosures | UTC-GMT Time Conversion Chart |
| Plaintiff's Initial Disclosures | Plaintiff's Courtesy Notice of EEO Discrimination Complaint Filing with Kern County – 01/17/2014 to Robert Gibson, Union Representative, SEIU Local 521, Dated January 21, 2014 |
| Plaintiff's Initial Disclosures | Plaintiff's Discrimination Complaint Questionnaire To Kern County Personnel Department – Equal Employment Opportunity Division (With Attachments) – Received 4 JAN 17 PM 4:55 |
| Plaintiff's Initial Disclosures | KCDHS: Trish Tracy Melissa James (Mojave) Unlawful Discrimination Impact: BA v MO (Bakersfield v Mojave locations) – April 1, 2013 – January 3, 2014 (Chart by Plaintiff) |
| Plaintiff's Initial Disclosures | Kern DHS – Tracy – Trish and James – Impact of Unlawful Discrimination (Events and Comments Supporting Diagram by Plaintiff) |
| Plaintiff's Initial Disclosures | Loyola Marymount University – College of Liberal Arts (Plaintiff's Bachelor of Arts Degree) |
| Plaintiff's Initial Disclosures | County of Kern – Personnel Department – Cash Receipt 000914 – Dated 1/17/14 for Copy of EEO Division Complaint Filed with County of Kern |
| Plaintiff's Initial Disclosures | Employee Performance Evaluations for Plaintiff (04/11/2013, 04/26/2013, 05/13/2013, 05/24/2013) |
| Plaintiff's Initial Disclosures | Biweekly Conference Reports for Plaintiff (06/07/2013, 06/26/2013, 07/22/2013) |

| | |
|---|---|
| Plaintiff's Initial Disclosures | Kern County DHS – Memo of Concern – July 25, 2013 |
| Plaintiff's Initial Disclosures | Biweekly Conference Report for Plaintiff – 09/12/2013 |
| Plaintiff's Initial Disclosures | CalWORKS Training Attendance Form – Dated 8/17/2013 |
| Plaintiff's Initial Disclosures | Handwritten Note by Human Services Supervisor, Patricia Gable, 09/12/13. |
| Plaintiff's Initial Disclosures | Biweekly Conference Report for Plaintiff – October 4, 2013 |
| Plaintiff's Initial Disclosures | Plan of Action to Catch-Up – S31A – D. Stonum – 10-04-2013 |
| Plaintiff's Initial Disclosures | Employee Performance Report for Dywane Stonum – Signed 10/11/2013 – Copy Received 12/13/2013 from HR |
| Plaintiff's Initial Disclosures | Bi-Monthly Conference Reports (11/1/2013, 11/15/2013) |
| Plaintiff's Initial Disclosures | Conference With Dywane Stonum HST and Trish Gable HSS – Nov. 18, 2013 |
| Plaintiff's Initial Disclosures | Monthly Conference Report for Plaintiff – 12/11/2013 |
| Plaintiff's Initial Disclosures | County of Kern – Personnel Department – Human Services Technician Score for Dywane Stonum – 92.00%, Dated – Postmarked Nov 21, 2012 |
| Plaintiff's Initial Disclosures | Certification For Plaintiff From Civil Service Commission – Human Services Technician I – Mojave – RE: CERT. #48957 – Interview Appointment, Dated MAR 1, 2013 |
| Plaintiff's Initial Disclosures | Human Services Technician I – East Kern Exam No. 5624 – 08/20/12 (Job Bulletin) |
| Plaintiff's Initial Disclosures | Patricia Cheadle, Director of Human Services – Mojave Office Visit – E-mail Correspondence With Dywane Stonum (06/17/2013, 07/08/2013, 09/04/2013, |
| Plaintiff's Initial Disclosures | Plaintiff's e-mail communications with Kern's Debbie Davis, Human Resources Manager, 09/04/2013, 09/27/2013, 09/30/2013) [Racial Discrimination, Disparate Treatment, Hostile Work Environment, Unlawful Practices) |
| Plaintiff's Initial Disclosures | Plaintiff's e-mail communication to Kern's Debbie Davis, Human Resources Manager, Unlawful Discrimination, Wrongful Termination, Hostile Work Environment, 01/16/2014; CC: Pat Cheadle, Director of Human Services; Robert Gibson, SEIU Local 521 Representative; Debbie Spears, HR Staff Development. |
| Case Filings | All Documents For the Case of Dywane C. Stonum v. County of Kern, Case Number 1:16-CV-001076-DAD-JLT, Reflected In The Court's Docket and Other Related Communications From 07/26/2016 through 07/23/2018 and Continuing Until Final Disposition of This Case. |

| | |
|---|---|
| Defendant's Initial Disclosures | Defendant's Initial Disclosures (Subject To Orders of the Court and Motion in Limine) |
| Defendant's Future Disclosures | Defendant's Future Disclosures As May Be Ordered Or Permitted By The Court, Federal Rules of Civil Procedure, Federal Rules of Evidence or Other Applicable Codes Or Regulations. |
| Plaintiff's Future Disclosures | Plaintiff's Future Disclosures As May Be Ordered Or Permitted By The Court, Federal Rules of Civil Procedure, Federal Rules of Evidence or Other Applicable Codes Or Regulations. |
| Plaintiff's Initial Disclosures | Plaintiff's e-mail to Trish (Patricia Gable, Human Services Supervisor) regarding Tracy wanting portion of evaluation removed, Gable wanting to shred signed document, and Plaintiff's request to speak with Department Head (Tony Lopez) about his concerns. Dated Fri, Oct 11, 2013 at 5:13 PM |
| Defendant's Disclosures | Defendant's Documents Produced Responsive to the Subject Of Plaintiff's Motion to Compel – Document 56 (In Re: Plaintiff's Request For Production – Set 1) |
| Plaintiff's Initial Disclosures | Kern's Examination Score 74% To Plaintiff. Social Service Worker I/II, Postmarked Jan 14, 2013 |
| Plaintiff's Initial Disclosures | Kern's Certification Notice to Plaintiff. Social Service Worker I/II. Dated NOV 5, 2013, |
| Plaintiff's Initial Disclosures | Plaintiff's Typing Proficiency Certificate. Net Words Per Minute 75. Dated 11/12/13. Kern County Superintendent Of Schools Office. |
| Plaintiff's Initial Disclosures | Kern's Social Service Worker I/II Exam No, 5691 – Job Bulletin – 11/05/12 |
| Plaintiff's Initial Disclosures | Letter from KCDHS. Plaintiff not recommended for hire for Social Service Worker I/II position. |
| Plaintiff's Initial Disclosures | Various Correspondence from Plaintiff: To: Debbie Davis (Complaint of Discrimination and Retaliation regarding not hiring Plaintiff for Social Service I/II position) – 12/20/2013 (CC: Debbie Spears, DHS, Robert Gibson, SEIU, Pat Cheadle, DHS) |
| Plaintiff's Initial Disclosures | Various Emails: Between Plaintiff and Debbie Spears. Regarding SSWI/II position. Pulling of Panelist packets. 01/02/2014 |
| Plaintiff's Initial Disclosures | SIU Ride Along Emails and Schedule for Plaintiff and Other Kern Employees |
| Plaintiff's Initial Disclosures | Kern's purported Employee Performance Report for Plaintiff. Dated 1/3/14. (Gable, Selph) |
| Plaintiff's Initial Disclosures | Change of Employee Status – Effective 1/03/2014 (County of Kern – DHS) for Plaintiff |
| Plaintiff's Initial Disclosures | Various emails between Plaintiff, Gable, Gibson, Cheadle, Spears, Davis |

| | |
|---|---|
| Plaintiff's Initial Disclosures | Paystub documents for Plaintiff |
| Plaintiff's Initial Disclosures | EEOC FOIA Document to Plaintiff |
| Plaintiff's Initial Disclosures | California Department of Fair Employment and Housing Documents Regarding EEOC Number 480-2014-01619C (Dywane C. Stonum) |
| Plaintiff's Initial Disclosures | Plaintiff's Retirement Plan Related Documents (while with County of Kern) (Including Employer Match Information) |
| Plaintiff's Initial Disclosures | Plaintiff's Health and Dental Care Related Information (while with County of Kern) |
| Plaintiff's Initial Disclosures | State of California – Department of Industrial Relations Related Documents (pertaining to County of Kern) |
| Plaintiff's Initial Disclosures | Plaintiff's Damage and Loss Claim Information pertaining to County of Kern |

## ATTACHMENT D: Defendant's Exhibits

| | DOCUMENT TYPE | DOCUMENT DESCRIPTION |
|---|---|---|
| 1. | Employee Performance Reports | Employee Performance Reports. One signed by Plaintiff on June 28, 2013, one signed by Plaintiff on October 11, 2013, and one provided to Plaintiff on January 3, 2014. |
| 2. | Personnel File | Personnel file for Plaintiff. |
| 3. | Memorandum of Concern | July 25, 2013 Memorandum of Concern from Patricia Gable to Plaintiff. |
| 4. | Plaintiff's Acknowledgment of receipt | Acknowledgement of receipt of instructions on how to access SEIU Memorandum of Understanding, and acknowledgement of understanding that he was a member of SEIU as of April 1, 2013. |
| 5. | Facsimile | June 9, 2014 Facsimile from Plaintiff. |
| 6. | Complaint | Internal Complaints of Discrimination from Plaintiff |
| 7. | Responses | Internal responses to Plaintiff's Complaints |
| 8. | Investigation Reports | Internal investigations reports related to Plaintiff's Complaints of discrimination |
| 9. | Emails | <ul><li>September 4, 2013 email exchange between D. Davis and Plaintiff in which D. Davis instructs Plaintiff how to submit complaint of discrimination.</li><li>September 27, 2013 follow-up email to Plaintiff from D. Davis stating that D. Davis had not received any information from Plaintiff.</li><li>September 30, 2013 email from Plaintiff to D. Davis stating that Plaintiff would be attempting to resolve issue through union.</li><li>January 6, 2014 email from Plaintiff to SEIU regarding Plaintiff's termination.</li><li>January 7, 2014 email between Plaintiff and D. Davis regarding Plaintiff's termination.</li><li>January 16, 2014 email between Plaintiff and D. Davis in which D. Davis informs Plaintiff on how a formal complaint is filed with the county after termination.</li><li>January 30, 2014 email between Plaintiff and D. Davis in which D. Davis tells Plaintiff that he will be receiving deferred compensation on February 7, 2014.</li><li>Various Emails between Gable, Davis, Spears</li></ul> |

|     |                                            |                                                                                         |
| --- | ------------------------------------------ | --------------------------------------------------------------------------------------- |
|     |                                            | and Plaintiff.                                                                          |
| 10. | Records Related To Work Performance        | Plaintiff's EPRs, Supporting Documentation, and monthly counseling records.             |
| 11. | Application                                | Plaintiff's Application for Social Worker Position                                      |
| 12. | Notes                                      | Panel's notes regarding Plaintiff's performance during interview and recommendations not to hire. |
| 13. | Civil Service Rules                        | Civil Service Rule, 1800                                                                |
| 14. | EEOC Response                              | August 22, 2014 Response to EEOC from County of Kern                                    |